Zimmerman, J.
These appeals represent a double attack on a decision of the Board of Tax Appeals relating to the imposition of the tangible personal property tax on an aircraft. In case No. 37103, appellant, Cincinnati Air Taxi, Inc., owner of the aircraft, which was acquired in 1955, has appealed from that part of the decision which affirms the order of the Tax Commissioner refusing, upon the application for review and redetermination, to cancel the personal property tax for the years 1956 and 1957, and, in case No. 37121, appellant, Tax Commissioner, has appealed from that part of the decision reversing his order refusing to cancel the tax for the year 1958.
It is conceded that by oversight or inadvertence the aircraft involved was not licensed with the state of Ohio under the Ohio Aeronautics Act (Section 4561.01 et seq., Revised Code) for the years 1956 and 1957, and that it was not registered for the year 1958 until October of that year. The following month, application was made to the Division of Aviation, *100 Department of Commerce, for registration of the airplane for 1956 and 1957, accompanied by the license tax for those years. Such applications and tax were rejected. In November 1958, Air Taxi was billed for delinquent personal property taxes on the aircraft for the years 1956, 1957 and 1958. Such taxes were based on Section 5709.01, Revised Code. Shortly thereafter, application was made for review and redetermination of those taxes for the three years in controversy.
Section 5709.01, Revised Code, recites in part:
“All personal property located and used in business in this state, and * * * are subject to taxation, regardless of the residence of the owners thereof. * * * and aircraft belonging to persons residing in this state and not used in business wholly in another state, other than aircraft licensed in accordance with Sections 4561.17 to 4561.21, inclusive, of the Revised Code, are subject to taxation.” (Emphasis supplied.)
Until August 15, 1957, Section 5711.03, Revised Code, provided in part:
“Except as provided in Sections 5711.01 to 5711.41, inclusive, of the Revised Code, all taxable property shall be listed as to ownership or control, valuation, and taxing districts as of the beginning of the first day of January, annually * *
That section since August 15,1957, has read and now reads, in part:
“Except as provided in Sections 5711.01 to 5711.36, inclusive, of the Revised Code, all taxable property shall be listed as to ownership or control, valuation, and taxing districts as of the beginning of the first day of January, annually, except that taxable personal property and credits used in business shall be listed as of the close of business of the last day of December * *
It is the position of the Tax Commissioner that the aircraft of Air Taxi, being unregistered on January 1 in each of the years 1956 and 1957 and on the last day of December 1957, was subject to the personal property tax for all three years. Air Taxi contends that it was and is entitled to invoke Section 4561.18, Revised Code, and that the action of the Tax Commissioner, affirmed in part by the Board of Tax Appeals, constitutes a penalty and an unreasonable punishment in violation of the Fourteenth Amendment to the Constitution of the *101 United States and Section 9, Article I of the Constitution of Ohio.
Section 4561.17, Revised Code, provides for the levying of a license tax “upon all aircraft operating over the lands and waters of this state,” for the purposes specified, with exceptions not here involved.
Section 4561.18, Revised Code, recites:
“Applications for the licensing and registration of aircraft shall be made and signed by the owner thereof upon forms prepared by the Department of Commerce [Ohio Aviation Boa,rd, prior to amendment effective September 15, 1957] and shall contain a description of the aircraft * * *.
“Applications shall be filed with the Director of Commerce [Director of Aviation, prior to amendment effective September 15, 1957] during the month of January, ánnually. Application for registration of any aircraft not previously registered in this state, if such aircraft.is acquired or becomes subject to such license tax subsequent to the last day of January in any year, shall be made for the balance of the 'year in which the same is acquired, within 48 hours after such acquisition or after becoming subject to such license tax. Each such application shall be accompanied by the proper license tax which shall be at the following rates: * * * [$25 per annum for the aircraft here involved].
“Such taxes are in lieu of all other taxes on or with respect to ownership of such aircraft.”
Section 4561.99, Revised Code, relates to the penalties imposable for violations of various sections of the act.
It seems plain from a reading of Section 5709.01, Revised Code, that it was the intent of the General Assembly to tax aircraft the same as other personal property except those aircraft “licensed in accordance with Sections 4561.17 to 4561.21, inclusive, of the Revised Code.”
By Section 4561.18, Revised Code, aircraft owners are placed in a special and preferred class, and full compliance with that statute is a prerequisite to escaping the general personal property tax. Of course, the license taxes imposed by that section “are in lieu of all other taxes on or with respect to ownership of such aircraft,” but the provision last quoted applies only where the aircraft is licensed pursuant to an ap *102 plication and the taxes are paid in conformity with the terms of the statute. The penalties provided in Section 4561.99, Revised Code, for violations of the provisions of the act do not operate to remove unlicensed aircraft from Section 5709.01, Revised Code.
Near the end of its decision, the Board of Tax Appeals said:
“With respect to the year 1958 the board finds that said aircraft was licensed and registered for that year (although the application for said registration was not timely filed), and therefore the aircraft was erroneously subjected to personal property taxation by the Tax Commissioner for the year 1958.”
We do not agree. The same situation prevailed in 1958 as in 1956 and 1957. On the day for listing property owned in 1958, Air Taxi held personal property, in the form of the aircraft involved here, not licensed under Section 4561.18, Revised Code, and we think the Tax Commissioner is correct in his contention that it was taxable as personal property for that year, the same as for the years 1956 and 1957.
Air Taxi’s claim of an unconstitutional interpretation and application of the statutes is not well founded. It could and should have complied with the law relating to the licensing of aircraft to escape the general personal property tax. The failure to do so made the aircraft amenable to taxation the same as other personal property. And what unconstitutional inhibition is there against such procedure as far as Air Taxi is concerned? It had the opportunity, which it failed to embrace, to comply with the aircraft licensing law, highly favorable to the aircraft owner. By its own inaction, it placed itself under the law relating to taxation of personal property generally. In the absence of the aircraft licensing law, aircraft would be taxed as ordinary personal property.
The part of the decision of the Board of Tax Appeals appealed from in case No. 37103 is affirmed, and the part in issue in case No. 37121 is reversed.

Decision affirmed in fart and reversed in fart.

Weygandt, C. J., Matthias, Bell and O’Neill, JJ., concur.
Taet, J., dissents.
Herbert, J., not participating.